54 CCPA

## Application of Julius GREEN.
### Patent Appeal No. 7767.

United States Court of Customs and Patent Appeals.

June 2, 1967.

C. Garman Hubbard, White Plains, N. Y. (Ralph H. Hudson, Cameron, Kerkam & Sutton, Washington, D. C., of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This is an appeal from the decision of the Board of Appeals affirming the examiner's rejection of claims 2–3 and 5–10 in appellant's application serial No. 53,-722, filed September 2, 1960, for "Method of Popping Kernels." No claim has been allowed.

The invention relates to a method for popping kernels of corn. Claim 2, regarded by the board as illustrative of the subject matter, reads:

2. A method of popping kernels of a material which expands and whose specific gravity decreases with an increase in temperature, comprising passing upwardly into an elongated, relatively narrow transportation zone having a substantially uniform cross-section throughout its length a gas heated to a temperature at which kernels of said material pop when maintained in contact with said gas, introducing unpopped kernels of said material into said transportation zone and into the path of said heated gas, maintaining a gas velocity in said transportation zone substantially greater than the flotation velocity for said unpopped kernels, passing said heated gas and said unpopped kernels from said transportation zone upwardly and in a turbulent condition into an elongated, relatively wide *popping zone having a substantially uniform cross-section throughout its length,* maintaining a gas velocity in at least the upper part of said popping zone less than the flotation velocity for said unpopped kernels but substantially greater than the flotation velocity for said kernels when popped so that said unpopped kernels are retained in said popping zone in contact with said heated gas, and discharging said heated gas and

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

said popped kernels from said popping zone. [Emphasis added.]

The method calls for feeding kernels of raw corn into an upwardly moving stream of heated gas having a sufficient velocity to carry the kernels upward into a popping zone. At the popping zone, which has a uniform cross-section, the velocity of the gas stream is reduced to retain and suspend the kernels in the zone until they are popped by the heat of the gas. After the kernels are popped, their density is greatly reduced and they are then carried out of the popping zone by the gas stream. The application states:

> It is desirable that the suspended bed or mass of kernels in the popping zone be maintained in a turbulent condition. This condition is secured by using the relatively small diameter, high velocity, inlet air stream somewhat like a jet, blowing it into or near the bottom of the popping zone and allowing it to lose velocity as it expands in eddies and whorls, thus maintaining the mass of suspended kernels in a state of turbulent agitation. This condition insures uniform heating and popping.

The references relied on are:

Nelson 2,602,134 July 1, 1952
Eckstein 904,186 Nov. 17, 1908

The Nelson patent discloses a high-frequency dielectric heater for popping kernels of corn. Nelson provides a quartz tube through which compressed air flows upwardly to carry unpopped kernels of corn into a popping zone. The popping zone is formed by a portion of the quartz tube which is *funnel-shaped*. The air velocity is adjusted so that it "is just sufficient to support or suspend the grains * * * and the grains remain in that position while they are being heated." The heating element of Nelson is a high frequency dielectric heating means located outside of the quartz tube. The electromagnetic field generated by the heating means freely penetrates the quartz tube to heat the corn therein. The popped kernels are immediately blown out of the quartz tube because of the reduction in density.

The Eckstein patent discloses a method and apparatus for popping corn wherein the raw kernels of corn are supported by a screen within a popping chamber and heated by a blast of hot air. The reference states:

> The hot blast thus delivered to the popping chamber beneath the screen 11, *agitates* the unpopped corn thereon so that it is *thoroughly and uniformly heated,* and as soon as the corn is popped it is carried out of the popping chamber by the blast. Other forms of heaters could be employed and steam or other gaseous medium could be used in place of the air blast. [Emphasis added.]

The board affirmed the examiner's rejection of the claims as being "unpatentable over" Nelson in view of Eckstein. It was the position of the examiner, as well as that of the board, that all the limitations recited in the claims except the use of a blast of heated air to pop the corn, are shown in Nelson and that it would be obvious to substitute the heated air of Eckstein for the dielectric heating of Nelson to pop the corn. In answer to appellant's contention that in the Nelson device there is no turbulence whereas in appellant's device there is such turbulence, the board stated:

> We are not convinced by appellant's arguments, presented in the brief and at the hearing, that no turbulence will exist in the popping zone of Nelson. We do not believe that the statements in [Nelson] * * * can reasonably mean that the grains or kernels reach a plane in the popping zone and remain there motionless until they pop. In our opinion, such operation is not practically possible and turbulence is unavoidable.

Before this court, appellant contends that the Nelson reference was given "improper anticipatory weight" and that the lack of express mention of turbulence in Nelson is "a clear indication that Nelson did not intend there to be any turbulence

within his device." Appellant also relies on an affidavit of one George M. Woodruff, a mechanical engineer in the employ of appellant's assignee. The most pertinent portion of the Woodruff affidavit is:

It is my opinion that in a popping chamber conically shaped in the configuration disclosed in the Nelson reference, the stream of gas would not proceed in the same manner, but would gradually expand with consequent gradual decreasing velocity as it proceeds upwardly through the popping chamber. It would not proceed in a turbulent state or condition as that term is utilized herein and in the specification and claims of the above identified Green application.

After a careful review of the record in the case, we find no reversible error in the decision below.

As indicated above, the claims were rejected for obviousness, under 35 U.S.C. § 103, in view of Nelson and Eckstein. There is nothing in the examiner's actions or the decisions of the board to indicate that any "anticipatory weight" was given to the Nelson reference. Appellant's allegation that Nelson does not teach the use of turbulent conditions within his device is incredible. The presence of large amounts of popped and unpopped solid kernels of corn in a gas stream would, in our opinion, be sufficient to render the flow turbulent. This also appears to be the board's view as indicated by the last sentence in the above quoted portion of its opinion. The reason Nelson does not explicitly state that there is turbulence in his flow resides in the fact that the effectiveness of his heating operation is not changed by the presence or absence of turbulence. Be that as it may, the agitation of the unpopped corn to thoroughly and uniformly heat the same, the stated purpose for having turbulence in appellant's application, is clearly disclosed by the above quoted portion of Eckstein.

We also agree with the board that the Woodruff affidavit is purely an opinion affidavit with respect to the operation of Nelson's device and thus not entitled to controlling weight.

The decision of the board is affirmed.

Affirmed.